```
UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

CHRIS SCHNABEL,

                    Plaintiff,                 1:17-cv-00190-MAT
         -v-                                   **DECISION AND ORDER**

NANCY A. BERRYHILL,
Acting Commissioner of Social Security,

                    Defendant.
_____
```

**INTRODUCTION**

Chris Schnabel ("Plaintiff"), represented by counsel, brings this action pursuant to Title II of the Social Security Act ("the Act"), seeking review of the final decision of the Acting Commissioner of Social Security ("Defendant" or "the Commissioner") denying her application for disability insurance benefits ("DIB"). The Court has jurisdiction over the matter pursuant to 42 U.S.C. § 405. Presently before the Court are the parties' competing motions for judgment on the pleadings pursuant to Rule 12(c) of the Federal Rules of Civil Procedure. For the reasons set forth below, the Commissioner's decision is reversed, Plaintiff's motion is granted to the extent that the matter is remanded solely for calculation payment of benefits, and Defendant's motion is denied.

## PROCEDURAL BACKGROUND

On April 22, 2013, Plaintiff protectively filed for DIB, alleging disability beginning September 4, 2012. Administrative Transcript ("T.") 64. The claim was initially denied on June 12, 2013, and again denied on July 18, 2013, after Plaintiff requested reconsideration. T. 90-101. Plaintiff timely requested a hearing. T. 102-03. A hearing was conducted on April 16, 2015, in Buffalo, New York by administrative law judge ("ALJ") Timothy M. McGuan. T. 34-63. Plaintiff appeared with her attorney and testified. An impartial vocational expert ("VE") also testified.

The ALJ issued an unfavorable decision on September 23, 2015. T. 12-15. Plaintiff timely appealed the decision to the Appeals Council ("AC"), which denied Plaintiff's request for review on January 6, 2017, making the ALJ's decision the final decision of the Commissioner. T. 1-5. Plaintiff then timely commenced this action.

## THE ALJ'S DECISION

The ALJ applied the five-step sequential evaluation promulgated by the Commissioner for adjudicating disability claims. *See* 20 C.F.R. § 404.1520(a). Initially, the ALJ determined that Plaintiff met the insured status requirements of the Act through December 31, 2017. T. 21.

At step one of the sequential evaluation, the ALJ found that Plaintiff had not engaged in substantial gainful since her alleged onset date. *Id*.

At step two, the ALJ determined that Plaintiff had the "severe" impairments of major depression, anxiety disorder, and bipolar disorder. *Id.* The ALJ also determined that Plaintiff's medically determinable impairments of high blood pressure, chronic vertigo, migraines, and an injured shoulder were nonsevere, noting that Plaintiff had not alleged any limitations due to these impairments. T. 22.

At step three, the ALJ found that Plaintiff did not have an impairment or combination of impairments that met or medically equaled an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1. The ALJ specifically considered Listings 12.04 (Depressive, Bipolar, and Related Disorders) and 12.06 (Anxiety and Obsessive-Compulsive Disorders) in making this determination. T. 22.

Before proceeding to step four, the ALJ assessed that Plaintiff had the residual functional capacity ("RFC") to perform a full range of work at all exertional levels, with the following non-exertional limitation: can never interact with the general public. T. 24.

At step four, the ALJ determined that Plaintiff was capable of performing her past relevant work as a compensation manager. T. 27. In the alternative, at step five, the ALJ relied on the VE's testimony to find that, taking into account Plaintiff's age, education, work experience, and RFC, there are other jobs that exist in significant numbers in the national economy that Plaintiff could also perform, including the representative occupations of industrial cleaner and laundry laborer. T. 28. The ALJ accordingly found that Plaintiff had not been under a disability, as defined in the Act. *Id*.

## SCOPE OF REVIEW

A district court may set aside the Commissioner's determination that a claimant is not disabled only if the factual findings are not supported by "substantial evidence" or if the decision is based on legal error. 42 U.S.C. § 405(g); *see also Green-Younger v. Barnhart*, 335 F.3d 99, 105-06 (2d Cir. 2003). The district court must accept the Commissioner's findings of fact, provided that such findings are supported by "substantial evidence" in the record. *See* 42 U.S.C. § 405(g) (the Commissioner's findings "as to any fact, if supported by substantial evidence, shall be conclusive"). "Substantial evidence means 'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Shaw v. Chater*, 221

F.3d 126, 131 (2d Cir. 2000) (quotation omitted). The reviewing court nevertheless must scrutinize the whole record and examine evidence that supports or detracts from both sides. *Tejada v. Apfel*, 167 F.3d 770, 774 (2d Cir. 1998) (citation omitted). "The deferential standard of review for substantial evidence does not apply to the Commissioner's conclusions of law." *Byam v. Barnhart*, 336 F.3d 172, 179 (2d Cir. 2003) (citing *Townley v. Heckler*, 748 F.2d 109, 112 (2d Cir. 1984)).

## DISCUSSION

Plaintiff contends that remand is warranted because the RFC finding is not supported by substantial evidence. In particular, Plaintiff argues that the ALJ: (1) erred by substituting his own medical opinion in place of the qualified opinion evidence, objective findings, and other medical evidence of record; and (2) failed to properly evaluate the opinions of Plaintiff's treating sources.

For the reasons discussed below, the Court agrees with Plaintiff that, under the applicable regulations, the ALJ was required to afford controlling weight to the opinions of Dr. Bolaram and Dr. Schubmehl. Moreover, because the medical evidence of record compels a finding of disability, remand of this matter solely for calculation and payment of benefits is warranted.

**I.   Evaluation of the Medical Opinions of Record**

The ALJ referred to the opinions of four physicians in his decision. T. 26-27. The first three opinions, to which the ALJ gave "great" weight, were from non-examining state agency review physicians, Dr. Jill Rowan, Dr. Renee McPherson-Salandy, and Dr. Raymond Flannery. *See* T. 67-72, 77-85, 258-61. The ALJ also referred to two opinions from Plaintiff's treating psychiatrist, Dr. Jayanth Bolaram. T. 27 *referring to* T. 253, 255. The ALJ gave Dr. Bolaram's opinions "some, but not great" weight.

**A.   Psychiatric Evaluation and Progress Note by Dr. Bolaram**

On October 9, 2012, Plaintiff presented to Dr. Bolaram for a psychiatric evaluation, after being referred by her treating therapist, Licensed Clinical Social Worker ("LCSW") Braunstein. T. 254-55. Plaintiff reported she had recently started having episodes of panic attacks, anxiety, and depressed mood. She also had started to feel as though she was decompensating. Plaintiff further reported a history of depression of more than ten years and that she had been treated in a psychiatric hospital in the past, but her severe anxiety, problems with sleep, and overwhelming depression started a few months prior to her evaluation. She was no longer able to handle day-to-day activities. T. 254. At the time of the evaluation, Plaintiff reported she was taking Effexor XR, metoprolol, lovastatin, and

lisinopril. She was on short-term disability from her job of eight years and was also the caretaker for her 78-year-old mother. T. 255.

Upon examination, Dr. Bolaram noted Plaintiff looked older than her stated age of 54 years. Plaintiff's speech was slow in rate and volume. Her mood was anxious and depressed; her affect was tearful, withdrawn and sad. Plaintiff denied any hallucinations and her thought process was goal-directed. Dr. Bolaram noted Plaintiff had problems with attention and was unable to do serial sevens. *Id*.

Dr. Bolaram diagnosed Plaintiff with major depressive disorder-severe recurrent type without psychotic features, generalized anxiety disorders, hypertension, hyperlipidemia and, chronic depression. Her psychiatric symptoms were exacerbated by financial issues, family issues, poor coping skills, and poor response to treatment. *Id*. Dr. Bolaram noted he would change her anti-depressant medication to Zoloft and Ambien and taper her off of Effexor XR. Dr. Bolaram made note that he would see Plaintiff again in two weeks and that she should continue to attend therapy sessions with LCSW Braunstein. Dr. Bolaram opined Plaintiff was disabled due to her current symptomatology and would be unable to return to work at that point in time. *Id*.

In a progress note dated May 9, 2013, Dr. Bolaram noted Plaintiff showed no improvement and continued to be chronically anxious and overwhelmed. T. 253. Plaintiff's medications had been increased in March 2013, but she had not shown much progress since then. Dr. Bolaram noted Plaintiff continued to be disabled and was "unable to handle day to day" and got overwhelmed very easily. On examination, Plaintiff was tearful and in an anxious mood with increased psychomotor activity. *Id*. Dr. Bolaram continued Plaintiff's current combination of medications of Wellbutrin, Effexor, and Xanax and planned to see Plaintiff again in three weeks.

In his decision, the ALJ gave Dr. Bolaram's opinions "some, but not great" weight. T. 27. He noted that Dr. Bolaram had not provided specific limitations as to what Plaintiff could or could not do. The ALJ further reasoned that Dr. Bolaram's opinions only covered a period of eight consecutive months. Finally, the ALJ stated Dr. Bolaram's opinions conflicted with "other evidence" and then cited to the entire medical record, generally.

**B.  Treatment Notes and Opinions of Dr. John Schubmehl**

The record also contains treatment notes from Plaintiff's treating psychiatrist Dr. Schubmehl. *See* T. 263-76. Plaintiff began seeing Dr. Schubmehl after she moved back to New York from Florida, in September 2013. At her initial evaluation on

September 17, 2013, Dr. Schubmehl noted Plaintiff exhibited a constricted affect, moderate depression and anxiety, and suicidal ideation. T. 269. Plaintiff returned to Dr. Schubmehl for a follow-up session on September 27, 2013. T. 271. Dr. Schubmehl noted Plaintiff continued to be severely depressed and reported that she had experienced some "melt downs." Plaintiff's examination revealed a depressed and agitated mood and affect, and her general appearance was sad and teary. Dr. Schubmehl directed Plaintiff to remain absent from work until November 1, 2013. *Id*.

The record contains five additional treatment notes from Dr. Schubmehl, spanning from October 2013, to May 2014. T. 272-76. On November 18, 2013, Dr. Schubmehl diagnosed Plaintiff with bipolar II disorder and changed her medications. T. 273. On March 17, 2014, Dr. Schubmehl noted Plaintiff's dysphoric mood and opined Plaintiff was unable to work and had poor concentration. T. 275. On May 15, 2014, Dr. Schubmehl again opined Plaintiff was unable to work. T. 276. At that same session, Plaintiff informed Dr. Schubmehl she had lost her health insurance, which was why she had not been seen by him for two months. Dr. Schubmehl suggested Plaintiff seek alternative treatment at Ontario County Mental Health or Clifton Springs Hospital. *Id*. On July 9, 2014, Plaintiff checked herself into

Clifton Springs Hospital's emergency department and stated, "I either need to be euthanized or I need help. I can't do this any longer. I can't take it anymore." T. 282.

In his decision, the ALJ mentioned that Plaintiff had been treated by Dr. Schubmehl, who had diagnosed Plaintiff with bipolar disorder. T. 22, 24. The ALJ also noted Plaintiff's depression and bipolar disorder were confirmed by further treatment at Clifton Springs Hospital. T. 22. However, the ALJ did not acknowledge Dr. Schubmehl's multiple notes that Plaintiff was unable to work, nor did he treat those notes as opinions, as he did with Dr. Bolaram's treatment notes.

## II. The ALJ's Failure to Properly Comply with the Treating Physician Rule Requires Remand

Plaintiff argues the ALJ failed to properly evaluate the opinions of her treating psychiatrists, Dr. Bolaram and Dr. Schubmehl. Specifically, Plaintiff argues the ALJ failed to analyze the factors required by the SSA regulations when discounting Dr. Bolaram's opinion. Plaintiff further argues it was reversible error for the ALJ to ignore the opinions of Dr. Schubmehl. For the reasons set forth below, the Court finds the ALJ failed to comply with the treating physician rule, thus requiring remand.

It is well established that the opinion of a treating

physician is entitled to controlling weight if it is well supported by clinical and laboratory techniques and is not inconsistent with other substantial evidence. *See* 20 C.F.R. § 404.1527; *see also Clark v. Comm'r of Soc. Sec.*, 143 F.3d 115, 118 (2d Cir. 1998) (discussing application of the treating physician rule). A corollary to the treating physician rule is the "good reasons rule," based on the regulations specifying that "the Commissioner 'will always give good reasons'" for the weight given to a treating source opinion. *Halloran v. Barnhart*, 362 F.3d 28, 32 (2d Cir. 2004) (quoting 20 C.F.R. § 404.1527(d)(2); citing 20 C.F.R. § 416.927(d)(2)). While an ALJ may give less than controlling weight to a treating physician's opinion, he or she must "comprehensively set forth [his or her] reasons for the weight assigned to a treating physician's opinion." *Halloran*, 362 F.3d at 33. "Those good reasons must be 'supported by the evidence in the case record, and must be sufficiently specific . . . .'" *Blakley v. Comm'r of Social Sec.*, 581 F.3d 399, 406 (6th Cir. 2009) (quoting Social Security Ruling ("SSR") 96-2p, 1996 WL 374188, at *5 (S.S.A. July 2, 1996)). Furthermore, when a treating physician's opinion is not given controlling weight, the ALJ must apply various factors to ascertain the weight to give the opinion: (1) the frequency of examination and the length, nature and extent of the treatment relationship; (2) the evidence

in support of the opinion; (3) the opinion's consistency with the record as a whole; (4) whether the opinion is from a specialist; and (5) other relevant factors. *See* 20 C.F.R. § 404.1527; *see also Rosa v. Callahan*, 168 F.3d 72, 78 (2d Cir. 1999).

The treating physician rule in effect at the time the ALJ issued his decision required the ALJ to give controlling weight to the opinions of Dr. Bolaram and Dr. Schubmehl, and by failing to do so, the ALJ failed to meet his burden.

### A. The ALJ Failed to Provide "Good Reasons" for Giving Less Than Controlling Weight to Dr. Bolaram's Opinions

Granting "some, but not great" weight to Dr. Bolaram's opinions fell within the ALJ's discretion, provided he gave "good reasons" for doing so. *See Halloran*, 362 F.3d at 32. As noted above, the ALJ discounted Dr. Bolaram's opinions because they gave no specific limitations, only covered a period of eight consecutive months, and conflicted with other evidence. T. 27. These reasons fall short of "good reasons."

As a threshold matter, the Court notes that the ultimate issue of disability is reserved for the Commissioner and conclusory opinions on the matter are not entitled to any weight. *Taylor v. Barnhart*, 83 F. App'x 347, 349 (2d Cir. 2003) (unpublished opn.); *see also* SSR 96-5p, 1996 WL 374183, at *1 (S.S.A. July 2, 1996) ("treating source opinions on the issues

that are reserved to the Commissioner are never entitled to controlling weight or special significance"). However, the ALJ did not provide this explanation for why he gave Dr. Bolaram's opinions "some but not great" weight. Instead, the ALJ only explained that the opinions did not provide specific limitations as to what Plaintiff could or could not do, only covered a period of eight consecutive months, and conflicted with "other evidence" in the record, without specifically identifying any such conflicts.

Although the ALJ was accurate stating that Dr. Bolaram did not provide a functional assessment in his treatment notes, there is no evidence in the record indicating the ALJ requested a formal medical source statement from Dr. Bolaram. Instead, the ALJ classified statements in Dr. Bolaram's initial evaluation and progress notes as opinions. The ALJ then discounted the opinions for not having functional assessments. This was error. "As courts in this Circuit have previously observed, 'it is unreasonable to expect a physician to make, on his own accord, the detailed functional assessment demanded by the Act in support of a patient seeking SSI benefits.'" *Cadet v. Colvin*, 121 F. Supp.3d 317, 320 (W.D.N.Y. 2015) (quoting *Ubiles v. Astrue*, No. 11-CV-6340T MAT, 2012 WL 2572772, at *9 (W.D.N.Y. July 2, 2012)). Accordingly, "where a record contains no formal RFC assessments from a

treating physician and does not otherwise contain sufficient evidence (such as well-supported and sufficiently detailed informal RFC assessments or, where a physician refuses to provide such assessments, opinions from other examining and consulting physicians) from which the petitioner's RFC can be assessed, an 'obvious gap' exists and the ALJ is obligated to further develop the record." *Cadet*, 121 F. Supp.3d at 320. Failure to do so is error. *See Ubiles*, 2012 WL 2572772, at *9 (ALJ erred by not recontacting plaintiff's treating physician to request a function-by-function assessment of plaintiff's limitations after finding the physician's opinions within the treatment notes to be "vague and non-specific" and thus not due controlling weight).

Although there is no evidence indicating Dr. Bolaram refused to provide a functional assessment, thus justifying the reliance on other consulting sources, *see Cadet*, 121 F. Supp.3d at 320, there is also no indication in the record that Dr. Bolaram was contacted by the ALJ for a medical source statement, despite Plaintiff seeing Dr. Bolaram on a number of occasions. Yet, the ALJ chose instead to rely on the functional assessments provided by the three non-examining state agency physicians, who had only reviewed Plaintiff's medical records. The Court finds the ALJ's failure to contact Dr. Bolaram and afford him an opportunity to provide a functional assessment of Plaintiff's abilities resulted

14

in the ALJ's failure to properly develop the record, and thus, is not a "good reason" for rejecting his opinions. *See Velic v. Commissioner of Social Security*, No. 14-cv-3847(BMC), 2018 WL 1136082, at *6 (E.D.N.Y. Feb. 28, 2018) ("In light of the ALJ's failure to develop the record, the lack of evidence . . . is not a good reason for rejecting the treating psychiatrists' assessment of plaintiff's limitations."); *Marcano v. Berryhill*, No. 16cv08033(DF), 2018 WL 2316340, at *23 (S.D.N.Y. April 30, 2018) (ALJ's reasons for according little weight to treating psychiatrist's opinion "are attributable to her own failure to develop the record, and cannot be considered 'good' reasons").

The ALJ's remaining reasons for not granting controlling weight to Dr. Bolaram's opinions also fail to stand up to scrutiny. Finding a treatment history of eight months to be insufficient to warrant controlling weight is not in of itself improper. The regulations require an ALJ to consider the length of treatment history when weighing the opinion of a treating physician. *See* 20 C.F.R. § 404.1527; *see also Bulavinetz v. Astrue*, 663 F. Supp.2d 208, 212 (W.D.N.Y. 2009) (finding ALJ permissibly rejected opinion of treating mental health counselor in part because "even if it were entitled to controlling weight, [the] opinion is based on a treatment history of only six months"). However, the Court finds the ALJ's reasoning

15

contradictory, given he opted to give "great" weight to the opinions of non-examining state agency reviewing physicians who had no treatment history with Plaintiff at all.

Finally, the ALJ reasoned that Dr. Bolaram's opinion conflicted with "other evidence" and then proceeded to generally cite to all of Plaintiff's medical records. Again, the Court finds this justification falls short of being a "good reason" to discount Dr. Bolaram's opinion. "[G]ood reasons must be supported by the evidence in the case record, and must be *sufficiently specific* . . . ." *Harris v. Colvin*, 149 F. Supp.3d 435, 441 (W.D.N.Y. 2016)(emphasis added); *see also Hayden v. Commissioner of Social Security*, 338 F. Supp.3d 129, 137 (W.D.N.Y. 2018) ("In sum, the Court finds that the three-line explanation contained in the ALJ's decision as to why [plaintiff's treating psychiatrist's] opinion is afforded little weight does not fulfill the 'good reasons' requirement, as it is not sufficiently specific, and does not 'comprehensively set forth reasons for the weight assigned to a treating physician's opinion.'") (quoting *Halloran*, 362 F.3d at 33).

**B. The ALJ's Failure to Weigh Dr. Schubmehl's Opinions Requires Remand**

As noted above, the ALJ acknowledged Dr. Schubmehl's diagnosis of bipolar disorder, but failed to provide any further

16

analysis of his treatment notes or any other reasons for not giving his opinions controlling weight. Accordingly, the Court finds that remand for further administrative proceedings is necessary.

The Court does not accept the Commissioner's after-the-fact justification of the ALJ's failure to consider Dr. Schubmehl's opinions. *See McCray v. Berryhill*, No. 6:17-cv-06478-MAT, 2018 WL 3386338, at *5 (W.D.N.Y. July 12, 2018) (rejecting the Commissioner's *post hoc* justifications for the weight applied to the opinion of plaintiff's treating physician). The Commissioner argues there was no need to include Dr. Schubmehl's opinions because they have "most of the same defects as Dr. Bolaram's statement." Docket 12, pg. 26. The Commissioner also proposes that perhaps the ALJ ignored Dr. Schubmehl's opinions because "the doctor's handwritten notes are frequently difficult to decipher." *Id*. However, the ALJ made no note of these reasons in his decision, and it would inappropriate for the Court to uphold the determination based upon them. *See, e.g.*, *Snell v. Apfel*, 177 F.3d 128, 134 (2d Cir. 1999) ("A reviewing court may not accept . . . counsel's *post hoc* rationalizations for agency action.").

**III. Remedy**

Under 42 U.S.C. § 405(g), the district court has the power to affirm, modify, or reverse the ALJ's decision with or without

17

remanding for a rehearing. Remand solely for calculation and payment of benefits is appropriate where the record persuasively demonstrates the claimant's disability, *Parker v. Harris*, 626 F.2d 225, 235 (2d Cir. 1980), and there is no reason to conclude that additional evidence exists that might support the Commissioner's claim that the claimant is not disabled, *Butts v. Barnhart*, 388 F.3d 377, 385–86 (2d Cir. 2004).

For the reasons set forth above, the Court finds that the ALJ's decision to give less than controlling weight to the opinion of Plaintiff's treating psychiatrists, Dr. Bolaram and Dr. Schubmehl, was legally erroneous and unsupported by substantial evidence. Likewise, the ALJ's reliance on the non-examining opinions of state agency physicians was improper and not based on substantial evidence. Non-examining opinions do not carry the same weight as opinions from those who cared for a claimant. *Westphal v. Eastman Kodak Co.*, No. 05-CV-6120, 2006 WL 1720380, at *4-5 (W.D.N.Y. June 21, 2006). Furthermore,

> [b]ecause a psychiatric opinion that is based solely on a review of medical records is inherently less reliable than an opinion based on a face-to-face examination, it is an abuse of discretion to rely solely on such opinions, particularly in a case such as this, where the opinion of every physician who actually examined the plaintiff agreed that plaintiff is disabled.

*Id.; see also Valazquez v. Barnhart*, 518 F. Supp.2d 520, 524 (W.D.N.Y. 2007) ("A psychiatric opinion based on a face-to-face interview with the patient is more reliable than an opinion based on a review of a cold medical record . . . .") (citing *Westphal*, 2006 WL 1720380, at *4-5). Had the ALJ given proper weight to the medical opinions of Dr. Bolaram and Dr. Schubmehl, and consideration to Plaintiff's medical record as a whole, a finding of disability would have necessarily followed. Accordingly, the Court finds that remand solely for the calculation and payment of benefits is warranted.

## CONCLUSION

For the foregoing reasons, the Court finds that the Commissioner's decision was legally erroneous and is not supported by substantial evidence. It therefore is reversed. Accordingly, Defendant's motion for judgment on the pleadings (Docket No. 12) is denied, and Plaintiff's motion for judgment on the pleadings (Docket No. 9) is granted, and this case is remanded solely for the calculation and payment of benefits. The Clerk of Court is directed to close this case.

**ALL OF THE ABOVE IS SO ORDERED**.

S/Michael A. Telesca

_____
HONORABLE MICHAEL A. TELESCA
United States District Judge

Dated:    February 14, 2019
          Rochester, New York